# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| EDDIE HAROLD BILLINGS, Jr., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FBI DEPARTMENT DIVISION, )<br>)<br>Defendant. ) | 1:12-cv-1196-TWP-TAB |

### E N T R Y

The plaintiff has objected to the dismissal of the action.

Based on its timing and content, the objection is treated as a motion to alter or amend judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure*. *See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within the time frame contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it).

Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)).

The plaintiff's objection does not address the reason for the dismissal and does not contain a coherent statement as to why that dismissal should not remain in effect. There was in this case no manifest error of law or fact. The court did not misapprehend the plaintiff's claim, nor did it misapply the law to the claim in finding that the complaint failed to state a claim upon which relief could be granted. Accordingly, the plaintiff's objection, treated as a motion for relief from judgment [Dkt. 11], is **denied.**

IT IS SO ORDERED.

Date: 10/04/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**Eddie Harold Billings, Jr.**
**403 N. Rural Street**
**Indianapolis, IN 46201**